Crook *v.* Lunsford.

W. C. CROOK, Adm'r, *v.* A. E. LUNSFORD *et als.*

HUSBAND AND WIFE. *Mortgage. Conveyance. Rights of mortgagee and purchaser.* A husband, the owner in fee of a farm on which he resided with his family, conveyed it in mortgage, and afterward with his wife by conveyance duly executed as required by law for married women, sold and conveyed the land to another person. *Held,* upon bill filed to foreclose the mortgage, that the mortgagee was entitled to subject the entire property to the satisfaction of his debt.

FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. Livingston, Ch.

STEELE AND STEELE for complainants.

RICHARDSON & WATKINS for defendants.

COOPER, J., delivered the opinion of the court.

On the 11th of April, 1871, A. E. Lunsford being then the owner in fee of a farm of seventy-five acres, on which he was residing with his wife and two children, as the head of a family, conveyed the land to James B. Crook, complainant's intestate, in mortgage, to secure a debt of $600 for borrowed money. Lunsford's wife did not join in the deed.

On the 11th of March, 1877, Lunsford and wife, the privy examination of the wife being duly taken, sold and conveyed the same land to William Lunsford, by deed reciting a consideration of $1000, and surren-

dered the possession of the land to the vendee by becoming his tenant.

James B. Crook died in September, and complainant was appointed and qualified as his administrator in December, 1875. On the 18th of September, 1877, this bill was filed against A. E. Lunsford and wife, William Lunsford, the vendee, and the heirs of Crook, for a foreclosure of the mortgage.

The above facts were agreed upon by the parties, and the Chancellor upon final hearing held that the mortgagee only acquired the legal title of the husband in the land, subject to the homestead estate, and that this estate passed, by the subsequent conveyance of husband and wife, to William Lunsford. The complainant appealed.

This court, in the construction of our homestead laws, has determined that the homestead right or estate can only be acquired in land in which the head of the family has the title or interest, *Gibbs* v. *Patten*, at the present term, that the deed of the family alone would be good to convey his interest in the land subject to the homestead right, *Moore* v. *Hervey*, 1 Tenn. Leg. Rep., 22, *Mash* v. *Russell*, 1 Lea, 543, and that the homestead right may be lost by abandonment, *Hicks* v. *Pepper*, cited 1 Leg. Rep., 29, or by conveyance of the husband and wife, *Cowan* v. *Johnson*, MS. at Knoxville, May 27, 1876. It has also been held that the conveyance of the husband and wife, the privy examination of the wife being duly taken, will carry the homestead right or estate, although not named in the deed, *Lover* v. *Bessenger*,

MS. at Knoxville, 20th of May, 1876, *Hodges* v. *Williams*, MS. at Knoxville, June term, 1875.

Under these rulings, it is clear that A. E. Lunsford's deed to James B. Crook carried the grantor's estate in fee subject to the homestead right, and upon the termination of that right by the conveyance of the husband and wife, in conformity with the statute, to William Lunsford, the mortgagee had the prior and better right to the entire property.

The Chancellor's decree will be reversed, and a decree rendered in conformity with this opinion.